JAMES B. CAMPBELL and RICHARD J. HAMILTON, impleaded with JOHN TILLSON, Jr., plaintiffs in error *v.* THE PRESIDENT, DIRECTORS AND COMPANY OF THE STATE BANK OF ILLINOIS, defendants in error.

*Error to Fayette.*

Where a supersedeas bond purported to be executed by a person as attorney in fact, in the name of his principal, and the authority of the attorney did not appear: *Held* that the Court would presume that the attorney had authority to execute the bond, unless his authority was questioned by affidavit.

THE defendants in error moved the Court to quash the supersedeas in this case, for the following reasons, to wit: " That the order making the writ of error a supersedeas, required that James B. Campbell and others should enter into bond, &c. It appears that the bond was not entered into by James B. Campbell, but purports to have been entered into in the name of Campbell, by his attorney, &c. &c. and the authority of the attorney does not appear."

The bond purported to be executed in the presence of George Manierre, a subscribing witness, and was signed as follows:

> " JAMES B. CAMPBELL,       [L. S.]
> By SOLOMON WILLS, his att'y in fact.
> RICHARD J. HAMILTON,       [L. S.]
> LUCIEN PEYTON,       [L. S.]"

There was no power of attorney on file.

SMITH, Justice, delivered the opinion of the Court:
It is the duty of the clerk of this Court to see that the bonds he accepts, are duly executed. The Court will presume that he

La Fayette Bank of Cincinnati *v.* Stone.

has discharged his duty, until the contrary appears. If the defendants in error can show by affidavit, that the person who executed the bond in the name, and as the attorney, of Campbell, was not authorized to do so, the Court will then enquire into his authority; not otherwise.

*Motion overruled.*

*Note.* The following order was made at the December term, 1840, of the Supreme Court.

ORDERED, That whenever a bond is executed by an attorney in fact, the clerk shall require the original power of attorney to be filed in his office, unless it shall appear that the power of attorney contains other powers than the mere power to execute the bond in question, in which case the original power of attorney shall be presented to the clerk, and a true copy thereof filed, certified by the clerk to be a true copy of the original.